AO 91 (Rev. 11/11)  Criminal Complaint

## UNITED STATES DISTRICT COURT
for the
Eastern District of California

**SEALED**

| **FILED** |
|---|
| **Mar 27, 2026** |
| CLERK, U.S. DISTRICT COURT |
| EASTERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| LUIS ENRIQUE TREVINO | ) | Case No.   1:26-mj-00034-EPG |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of    February 7, 2026    in the county of    Fresno    in the    Eastern    District of    California   , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Ct 1: 18 U.S.C. 922(g)(1) | Felon in Possession of Ammunition |
| | Maximum Penalties: 15 yrs in prison, $250,000 fine, 3 years of supervised realease, $100 special fee. |

This criminal complaint is based on these facts:

See affidavit of HSI Task Force Officer (TFO) David Fenstermaker in support of a criminal complaint, attached hereto and incorporated by reference.

☑ Continued on the attached sheet.

*David Fenstermaker*
*Complainant's signature*

David Fenstermaker, HSI TFO
*Printed name and title*

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed. R. Crim P. 4.1 and 41(d)(3) before me this __27__ day of March, 2026.

Date:   **Mar 27, 2026**

*Erica P. Grosjean*
*Judge's signature*

City and state:    Fresno, California    Hon. Erica P. Grosjean, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>                    v.<br><br>LUIS ENRIQUE TREVINO,<br><br>                    Defendant. | CASE NO.<br><br>AFFIDAVIT OF HSI TASK FORCE OFFICER DAVID FENSTERMAKER |

I, David Fenstermaker, being duly sworn, hereby depose and state as follows:

## I.      INTRODUCTION

1.      This affidavit supports a complaint and arrest warrant charging Luis Trevino with a violation of Title 18, United States Code, Section 922(g)(1), felon in possession of ammunition.

2.      The facts in this affidavit come from my observations, my training and experience, and information related to me by other law enforcement officers and agents. This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## II.      AFFIANT'S BACKGROUND

3.      I am a Task Force Officer (TFO) with the United States Department of Homeland Security ("DHS")/ Immigration and Customs Enforcement/ Homeland Security Investigations ("HSI"), presently assigned to the Office of the Resident Agent in Charge, Fresno, California ("HSI Fresno"). As a TFO, I am authorized by law or a government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws. I have been deputized in accordance with the United States Code, Titles 18 and 21.

4.      I am employed by the City of Fresno Police Department and have been a full-time Sworn Peace Officer in the State of California and previously the State of Pennsylvania for the past 25 years.

5.      My peace officer experience includes patrol duties, special assignments, and investigations.

AFFIDAVIT

1

I was previously assigned to the Street Violence Bureau - Felony Assault Unit, where my duties included assisting in homicide crime scenes and investigating carjacking, shootings, stabbings, home invasions, suspicious deaths, and felony assaults. I am now assigned to Homeland Security Investigations, where my responsibilities involve investigating the sale and transportation of firearms and narcotics, as well as human trafficking, sexual exploitation, terrorism, and gangs. Additional duties include being assigned to the Fentanyl Overdose Resolution Team (FORT), which comprises Special Agents and Task Force officers from HSI, the Drug Enforcement Administration (DEA), the Fresno Police Department (FPD), the Clovis Police Department (CPD), and the Fresno Sheriff's Office. FORT responds to and investigates suspected fentanyl overdoses, both fatal and non-fatal, and conducts investigations to determine sources of fentanyl supply.

6.     I have received over 2,000 hours of training specifically related to criminal investigations involving sexual assault, domestic violence, officer-involved shootings, interviews and interrogations, search warrants, narcotics, gangs, homicides, and firearms. Through my training and experience, I am familiar with various firearms and their components. I am also familiar with the different methods individuals use to unlawfully obtain, possess, manufacture, transport, and sell firearms. Additionally, I am familiar with the various modus operandi related to the illegal use of such proceeds in violation of federal law. These methods include using telephones, cell phones, and wireless communication technology; counter-surveillance techniques; complex smuggling schemes tied to legitimate businesses; false or fictitious identities; and coded or ambiguous text messages to evade law enforcement. I have also interviewed firearms distributors and discussed their lifestyles, appearances, habits, distribution methods, and current trends.

7.     I am familiar with the facts and circumstances of the investigation through discussions with other members of law enforcement, and from my review of records and reports relating to the investigation.  Unless otherwise noted, wherever in this declaration I assert that a statement was made, the information was provided by another agent, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement, and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many made by others and are stated in substance and in part unless otherwise indicated. Since this declaration is submitted to secure a search

AFFIDAVIT

warrant for the above items, I have not included details of every aspect of the investigation. Facts not set forth herein are not being relied upon in reaching my conclusion that the requested order should be issued. Nor do I ask that this Court rely on any facts not set forth herein in reviewing this application.

### III.    PROBABLE CAUSE

8.    On February 7, 2026, Coalinga Police Department (CPD) officers responded to 319 Locust Avenue, Coalinga, California 93210, for a report of a disturbance. The reporting party told CPD dispatch that two male subjects were banging on the front door of the residence. Dispatch informed responding officers that both male subjects were reported to be associated with a white Chevrolet Traverse crossover-sports utility vehicle.

9.    As CPD Sergeant Fairbanks navigated toward the location of the reporting party, he observed a white Chevrolet Traverse backing away from the residence at 319 Locust Avenue. After confirming with dispatch that the suspect vehicle was a white Chevrolet Traverse, Sergeant Fairbanks activated his vehicle's emergency lights to conduct an investigative stop of the Traverse based on the report of a disturbance.

10.    As the Traverse came to a stop, the front-passenger—a male, later identified as Luis Enrique TREVINO (hereinafter, "TREVINO")—immediately exited the vehicle and ran west through an apartment complex. Sergeant Fairbanks provided TREVINO's description and direction of travel to assisting officers.

11.    While speaking with the driver of the white Chevrolet Traverse, Sergeant Fairbanks observed—in plain view—a black, high-capacity magazine sticking out of a compartment of the front passenger door. The driver of the vehicle was handcuffed and removed from the vehicle. The magazine was later determined to have a 34-round capacity and to be loaded with 16 rounds of unspent 9mm ammunition. A subsequent review of the unspent rounds of 9mm ammunition revealed them to be stamped with two distinct manufacturer marks: "BLAZER 9mm Luger" and "L Y 9X19 93."  The magazine and 16 rounds of unspent 9mm ammunition are depicted in Figure 1, below:

///

///

///

AFFIDAVIT

3

**Figure 1: 34-round magazine and 16 rounds of 9mm ammunition.**



12.    When Sergeant Fairbanks asked whether he possessed anything on him, the driver responded that he had a "meth pipe." In plain view, on the driver-side floorboard of the Traverse, Sergeant Fairbanks observed what he recognized based on his training and experience to be a pipe used to smoke methamphetmaine. While still on scene, the driver denied knowing that there was a firearm in the vehicle.

13.    A records' check of the driver revealed that he had a suspended license for driving under the influence. While processing the vehicle, Sergeant Fairbanks located a rifle scope in the driver-side door compartment. Sergeant Fairbanks later contacted the driver's sister—the owner of the Chevrolet Traverse—who indicated that the rifle scope was not hers and that she does not carry firearms in the vehicle.

14.    Contemporaneously, CPD Officer Garcia was in the nearby area of West Elm Avenue and East Cherry Lane when he noticed a male matching TREVINO's description wearing a black backpack. TREVINO looked directly at Officer Garcia's fully-marked CPD patrol vehicle before running westbound toward West Hills Community College. Officer Garcia turned into the West Hills Community College parking lot, exited his patrol vehicle, and apprehended TREVINO.

15.    At this time, Sergeant Fairbanks advised officers over the radio that a firearm magazine was located in the passenger area of the white Chevrolet Traverse. A search of TREVINO's person by

AFFIDAVIT

4

Officer Garcia did not yield any weapons. Officer Garcia, however, observed that TREVINO was no longer wearing the black backpack.

16.    During a search along TREVINO's path of flight, Officer Garcia discovered a black backpack consistent with that which he saw TREVINO wearing earlier. The backpack was located in a gray trash bin outside the women's dormitory on the West Hills Community College campus. Inside the backpack, Officer Garcia discovered a black, Glock-style P80 privately manufactured firearm (PMF). The firearm did not have a magazine inserted in the magazine-well; it also did not possess a serial number.

17.    As part of his investigation, Officer Garcia subsequently reviewed surveillance footage from West Hills Community College during the time of TREVINO's flight. Surveillance footage capturing the area outside of the women's dormitory depicted TREVINO removing the black backpack, moving a bag of trash from within a gray trash bin, placing the black backpack into the gray trash bin, and then placing the trash bag over the backpack. Still images from the surveillance footage depicting TREVINO discarding the black backpack are depicted in Figure 2, below:

**Figure 2: Luis TREVINO discarding the black backpack containing a PMF.**



18.    Officer Garcia provided TREVINO with the Miranda Advisement and TREVINO agreed to provide a statement. TREVINO stated that he was sitting in the passenger seat of the vehicle and had left his "clip" on the passenger-side door panel. When asked about the driver of the white Chevrolet

AFFIDAVIT

5

Traverse, TREVINO said he was a mutual acquaintance who had given TREVINO a ride. TREVINO indicated that the driver was not aware of what TREVINO had in his possession. When asked why he ran, TREVINO explained he had a warrant out for his arrest. Throughout Officer Garcia's interactions with him—without prompting or questioning—TREVINO spontaneously asked multiple times whether his magazine had been recovered from the vehicle.

19.    Based on my training and expereince, I am aware that "clip" is a slang term used to describe a firearm magazine. Therefore, in light of the facts and circumstances of this investigation, including (i) Sergeant Fairbank's location of a 34-round capcity magazine loaded with 16 rounds of unspent 9mm ammunition in a passenger door compartment of the Chevrolet Traverse where TREVINO had been seated prior to fleeing, (ii) TREVINO's admission to leaving his "clip" in the passenger-side door panel, and (iii) his unprompted questions as to whether law enforcement recovered his magazine from the vehicle, I believe that TREVINO possessed the 34-round capactiy magazine with 16 unspent 9mm rounds of ammunition located by Sergeant Fairbanks in the passenger side door compartment of the white Chevrolet Traverse.

20.    A records' check revealed that TREVINO was serving a grant of Post-Release Community Supervision (PRCS) for a felony violation of California Health and Safety Code section 11370.1(a), Possession of a Controlled Substance while Armed with a Firearm. Additionally, the records' check revealed that TREVINO possessed two no-bail felony warrants from Fresno County issued on October 24, 2025: one for a violation of Califonria Penal Code section 3455(a), Violation of Post-Release Community Supervision, and another for a violation of California Vehicle Code section 2800.2(a), Evading a Peace Officer. The same records' check revealed TREVINO also possessed two misdemeanor warrants from Tulare County.

21.    A review of TREVINO's record of arrest and prosecutions (RAP) indicated that he has been convicted of several felonies in the State of California punishable by a term of imprisonment exceeding one year, including:

      a.    September 11, 2009, felony wardship adjudication for a violation of California Penal Code section 487(a), Grand Theft, in Fresno County Juvenile Court, Case No. 06CEJ601389-2;

AFFIDAVIT

6

b.  February 03, 2015, felony convictions for a violation of California Penal Code section 69, Obstructing or Resisting an Executive Officer, and California Penal Code section 422, Threatening Crime with Intent to Terrorize, in Fresno County Superior Court, Case No. F14907668, for which TREVINO was sentenced to 16 months' imprisonment;

c.  March 05, 2019, felony conviction for a violation of California Penal Code section 29800(a)(1), Felon in Possession of a Firearm, in Fresno County Superior Court, Case No. F18906752, for which TREVINO was sentenced to 4 years' imprisonment; and

d.  June 10, 2022, felony conviction for a violation of California Health and Safety Code section 11370.1(a), Possession of a Controlled Substance while Armed with a Firearm, in Fresno County Superior Court, Case No. 21CM5524, for which TREVINO was sentenced to 4 years' imprisonment.

22.  On March 24, 2026, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Special Agent Matthew Garrett, who has specialized training in the manufacture, origin, and identification of firearms and ammunition, stated verbally that the "BLAZER 9mm Luger" and "L Y 9X19 93" ammunition was not manufactured in California and, therefore, traveled in and affected interstate commerce.

## IV.   CONCLUSION

23.  Based on the facts and circumstances outlined in this Affidavit, there is probable cause to believe that Luis Enrique TREVINO incurred felony convictions punishable by more than a year's imprisonment, possessed ammunition, and either knew or should have known about his felony convictions. Additionally, the ammunition was transferred in interstate commerce, all in violation of Title 18, United States Code, Section 922(g)(1), felon in possession of ammunition.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

///

///

///

AFFIDAVIT

7

_David Fenstermaker_
David Fenstermaker
Task Force Officer
Homeland Security Investigations, HSI

This Affidavit was submitted to me by reliable electronic means and attested to me as true and accurate by telephone, consistent with the requirements of Fed. R. Crim. P. 4.1, and 41(d)(3) on **Mar 27, 2026** .


_Erica P. Grosjean_
HON.  ERICA P. GROSJEAN
UNITED STATES MAGISTRATE JUDGE


Reviewed as to form.

___/s/ Nicholas Karp_____

NICHOLAS KARP
Assistant United States Attorney

AFFIDAVIT

8